UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRELL CABELL,

              Plaintiff,                        **DECISION AND ORDER**

       v.                             6:23-CV-06669 EAW

JOHN DOE, *Correction Officer, Attica C.F.*, JOHN DOE, *C.O., Attica C.F.*,

              Defendants.

---

*Pro se* plaintiff Derrell Cabell ("Plaintiff") is a prisoner confined at the Fishkill Correctional Facility. He filed a complaint requesting relief under 42 U.S.C. § 1983 and alleging his constitutional rights were violated by correction officers while he was incarcerated at the Attica Correctional Facility ("Attica"). (Dkt. 1). He also submitted an application to proceed *in forma pauperis* with a signed authorization. (Dkt. 2).

The Court granted Plaintiff's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Dkt. 4) (the initial screening order). That order dismissed Plaintiff's claims with leave to amend. (*Id.* at 9-10).

Plaintiff timely filed an amended complaint (Dkt. 5), which the Court has screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons that follow, Plaintiff's inadequate medical care claim is dismissed as abandoned. Claims against the defendants in their official capacities are dismissed without prejudice for lack of jurisdiction. Plaintiff's failure to protect claim will proceed to service.

**DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)); *see also* 28 U.S.C. § 1915A. A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.    **THE AMENDED COMPLAINT**

In evaluating an amended complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*,

dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued two Attica correction officers (hereinafter, "John Doe 1" and "John Doe 2"). (Dkt. 5 at 1). Plaintiff alleges that Attica's housing block C-31-32 is known as "the beat[-]up block." (*Id.* at 5). "[W]hile enroute to recreation yard[, Plaintiff] was waiting on line when two unknown individuals approach[ed] him and without warning or provocation . . . physically assaulted [him]." (*Id.*). He "sustained injuries of stab wounds to his mid-section, arm[,] and head." (*Id.*).

Plaintiff "observe[d] . . . John Doe []1 and John Doe []2 . . . observing the occurrence from their office without giving any direct order to his attackers to cease and desist." (*Id.*). John Doe 1 and John Doe 2 "[d]eparted from their office and exited out of C-Company leaving Plaintiff defenseless to repel his attackers." (*Id.*). "Moments later the alarm went off and other officers arrived, the initial aggressors upon hearing the alarm ran off." (*Id.*).

Plaintiff "grieved that he did not belong in a maximum [security] facility . . . and having been placed in one and not at a medium [security] facility his life was in peril due to the improper classification." (*Id.* at 9-10). "Because of this misplacement, [Plaintiff] was attacked and physically assaulted . . . by two unknown [inmates] while [the John Doe defendants] observed and did nothing to protect [him]." (*Id.* at 9).

## II.    SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A.    Inadequate Medical Care

The initial screening order construed the complaint as asserting an Eighth Amendment claim alleging inadequate medical care. (Dkt. 4 at 6). The Court apprised Plaintiff of the elements required to plausibly allege a claim of inadequate medical care

and informed him that in addition to the required factual allegations, his amended complaint must identify the defendant against whom the claim is alleged. (*Id.* at 4-7).

Plaintiff's amended complaint names only John Doe 1 and John Doe 2, the correction officers who allegedly failed to protect him from assault. The amended complaint does not include any facts alleging the elements of an inadequate medical care claim and does not identify any other defendants. Accordingly, the Eighth Amendment inadequate medical care claim is dismissed as abandoned. *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) ("the question of abandonment is one of intent"), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### B.     Failure to Protect

The initial screening order apprised Plaintiff of the elements required to plausibly allege an Eighth Amendment failure to protect claim. (Dkt. 4 at 7-8). The Court also informed Plaintiff that an amended complaint must include "sufficient detail to support a finding that a specific officer knew of and disregarded an excessive risk to [his] safety." (*Id.* at 8).

In his amended complaint, Plaintiff alleges that the location of his attack had a "reputation" and was known as "the beat[-]up block." (Dkt. 5 at 5). Plaintiff also alleges that he "grieved that he did not belong in a maximum [security] facility . . . and having been placed in one and not at a medium [security] facility his life was in peril due to the improper classification." (*Id.* at 9-10). "Because of this misplacement, [Plaintiff] was attacked and physically assaulted . . . by two unknown [inmates] while [the John Doe defendants] observed and did nothing to protect the Plaintiff." (*Id.* at 9). These allegations

do not plausibly allege that John Doe 1 and John Doe 2 knew of and disregarded an excessive risk to Plaintiff's safety.  First, Plaintiff does not allege that the defendants knew that Plaintiff was at risk of harm.  His allegation that the area was known as the beat-up block suggests that every inmate to pass through that area was at risk of harm.  He does not allege that John Doe 1 or John Doe 2 knew that Plaintiff's risk of harm was more serious or imminent than any other inmate passing through the area.  Second, Plaintiff broadly alleges that he was at risk of harm because he was in a maximum security prison instead of a medium security prison.  But not only does this not allege that John Doe 1 or John Doe 2 knew that Plaintiff faced a substantial risk of harm or that they had anything to do with his placement at Attica, it is well settled that a constitutional deprivation cannot be alleged based on placement at a particular facility.  *See Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("prison officials have discretion to transfer [prisoners] for whatever reason or for no reason at all"); *McTerrell v. Koenigsmann*, No. 1:18-CV-01028 EAW, 2019 WL 2511426, at *18-19 (W.D.N.Y. June 18, 2019) ("It is well-established that an inmate has no right to be confined in a particular prison within a given state." (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum*, 427 U.S. at 225; *McKune v. Lile*, 536 U.S. 24, 39 (2002))).

Plaintiff further alleges that John Doe 1 and John Doe 2 observed the assault "from their office without giving any direct order to his attackers to cease and desist."  (Dkt. 5 at 5).  They then "[d]eparted from their office and exited out of C-Company leaving Plaintiff defenseless to repel his attackers."  (*Id.*).  "Moments later the alarm went off and other officers arrived, the initial aggressors upon hearing the alarm ran off."  (*Id.*).  Although this

claim may not survive a motion to dismiss, the standard of review at screening is relaxed, *see Cuoco*, 222 F.3d at 112, and the Court will permit service of Plaintiff's failure to protect claim, *cf. Carlton v. Pearson*, 351 F. Supp. 3d 265, 268 (W.D.N.Y. 2018) (finding sufficient to "satisfy the initial threshold showing of merit" allegations that the defendant "who was apparently operating the cell doors, locked the violent inmate in [the p]laintiff's cell and allowed the assault to persist despite [the p]laintiff's cries for assistance," and that the defendant "eventually approached [the p]laintiff's cell about 30 or 35 minutes later and unlocked the door, asking the other inmate, 'Are you done?' before the assault concluded").

### C. Official Capacity

Under the Eleventh Amendment, actions against a state are barred "absent a waiver of immunity or congressional legislation specifically overriding immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order). New York has not waived its immunity to suit under § 1983, nor is there any congressional legislation specifically overriding immunity. *Id.* It is also well settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) (explaining that just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them).

Plaintiff has checked the boxes on the form amended complaint indicating that he is suing the individual defendants—John Doe 1 and John Doe 2—in their official capacities

as well as their individual capacities.  (Dkt. 5 at 2).  However, he only may sue them in their official capacities if they consent to be sued.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  Since no such consent has been given, the Eleventh Amendment bars Plaintiff's suit against the individual defendants in their official capacities.  Such claims are dismissed without prejudice.[1]  Because amendment would be futile, the dismissal is without leave to amend.

## ORDER

For the above reasons, IT HEREBY IS ORDERED that Plaintiff's inadequate medical care claim is dismissed as abandoned; and it is further

ORDERED that Plaintiff's claims against the defendants in their official capacities are dismissed without prejudice; and it is further

ORDERED that Plaintiff's failure to protect claim will proceed to service upon John Doe 1 and John Doe 2; and it is further

---

[1]    "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]."  *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) (quoting *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction.  Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.").  The difference impacts whether "dismissal on sovereign immunity grounds is with or affirmative prejudice."  *Weems v. New York*, No. 6:23-CV-6305 EAW, 2024 WL 4150397, at *3 n.2 (W.D.N.Y. Sept. 10, 2024).  In accordance with other decisions in this District, the Court dismisses Plaintiff's claims barred by the Eleventh Amendment without prejudice.  *See, e.g.*, *Petralia v. New York*, No. 6:20-CV-06393 EAW, 2021 WL 4034526, at *3 (W.D.N.Y. Sept. 3, 2021).

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Office of the New York Attorney General ascertain the full names and last known service addresses for John Doe 1 and John Doe 2. The Attorney General's Office need not undertake to defend or indemnify these individuals at this time. Rather, this order merely provides a means by which Plaintiff may name and properly serve the Doe defendants, as instructed by the Second Circuit in *Valentin*.

The Attorney General's Office shall produce the information specified above within thirty (30) days of the date of this Decision and Order either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the *Pro Se* Litigation Unit, United States District Court, 100 State Street, Rochester, New York 14614.

Once the Court receives this information, Plaintiff's amended complaint shall be deemed amended to reflect the full names of the Doe defendants and the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, amended complaint (Dkt. 5), and this Decision and Order upon the Doe defendants without Plaintiff's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that pursuant to 42 U.S.C. § 1997(e)(g)(2) John Doe 1 and John Doe 2 are directed to answer the amended complaint upon service; and it is further

ORDERED that the Clerk of Court is directed to email a copy of the amended complaint (Dkt. 5) and this Decision and Order to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 8, 2025
Rochester, New York

- 10 -